## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICAH L. BUNCE,                                          )
                                                        )
            *Plaintiff*,                                )
                                                        )
vs.                                                     )
                                                        )
JAMES FELDMAN, EVAN LONDO, and ANDREW                   ) Case No. 6:26-cv-01134-DDC-ADM
ZEIGLER, of the Salina Police Department,               )
RICHARD JAMES, former Deputy County Attorney            )
of Saline County, in their individual capacities;       )
CITY OF SALINA, KANSAS; and the BOARD OF                )
COUNTY COMMISSIONERS OF SALINE COUNTY,                  )
            *Defendants*.                               )
_____     )

### PLAINTIFF'S LIMITED RESPONSE IN OPPOSITON TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND RELATED RULE 26 PROCEEDINGS

Plaintiff Micah Bunce, through undersigned counsel, respectfully submits this response in opposition to Defendants' Joint Motion to Stay Discovery and Related Rule 26 Proceedings (Doc. 23).

Since the Motion was filed, Defendant Richard James has filed his Motion to Dismiss (Doc. 24), and Defendant Board of County Commissioners of Saline County has filed its own motion to dismiss (Doc. 25). However, the City of Salina Defendants — the City of Salina, James Feldman, Andrew Zeigler, and Evan Londo — have not filed any dispositive motion and have already answered the Complaint, simply raising the specter of immunity in paragraphs 138 and 143 of their Answer (Doc. 21). As set forth below, the Motion should be denied because (1) it remains premature as to the City of Salina Defendants, who have filed nothing; (2) neither the City of Salina nor the Board of County Commissioners of Saline County may assert qualified or absolute immunity, so no immunity-based rationale supports staying discovery on Plaintiff's Monell claims

1

against either entity; and (3) even as to Defendant James, whose motion does raise immunity, the motion itself confirms that the immunity analysis turns on a fact-intensive, functional characterization of his conduct that does not justify freezing the entire case. In the alternative, Plaintiff requests a narrowly tailored case management order rather than the blanket relief Defendants request.

## INTRODUCTION

Plaintiff recognizes that immunity is intended to protect public officials not merely from liability, but from the burdens of unnecessary litigation while immunity issues are resolved, "insofar as their conduct does not violate clearly established statutory or constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 129 S. Ct. 1937, 1945, 173 L. Ed. 2d 868 (2009). Plaintiff therefore does not oppose a limited stay of discovery directed at those individual Defendants asserting qualified or absolute immunity.

The motion presently before the Court, however, seeks substantially broader relief. Rather than seeking protection from burdensome discovery directed at the individual defendants, Defendants ask the Court to suspend **all** Rule 26 obligations, all scheduling deadlines, and all discovery—including discovery directed to municipal defendants that possess no immunity and documentary discovery that imposes no burden upon the individual defendants. Nothing in the motion demonstrates that such sweeping relief is necessary to preserve the purposes underlying immunity.

The filing of James's motion, nor the County's, warrant the blanket relief Defendants seek for the case as a whole. Municipalities cannot assert qualified or absolute immunity. See *Owen v. City of Independence*, 445 U.S. 622 (1980); *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 166 (1993). Whatever grounds the County's motion raises, it

2

cannot be grounded in personal immunity from suit — that defense is simply unavailable to a governmental entity. See *Monell v. Dep't of Soc. Servs. of City of New York* 436 U.S. 658, 701, 98 S. Ct. 2018, 2041, 56 L. Ed. 2d 611 (1978) holding that municipal bodies sued under § 1983 cannot be entitled to an absolute immunity. Plaintiff's *Monell* claims against the City of Salina and the County (Counts Four and Five) exist independently of the individual Defendants' immunity, and there is no basis to freeze discovery on those claims while the Court considers motions that, on the County's part, must rest on some ground other than immunity, and on the City Defendants' part, do not exist at all.

Finally, even as to Defendant James, the premise that a stay is automatic and costless does not hold up. James's own motion frames the absolute-immunity question as turning on a "functional approach" that requires classifying each of his acts according to its function to determine whether he was acting as an advocate. *Chilcoat v. San Juan Cnty*., 41 F.4th 1196, 1209 (10th Cir. 2022) (cited in Def. James's Motion, Doc. 24 at p. 6). That is a fact-sensitive inquiry, not a purely legal one resolvable in the abstract, and it does not justify treating all discovery in the case — including discovery bearing on the City's and County's own liability — as frozen in the interim.

Accordingly, Plaintiff respectfully requests that the Court deny the requested blanket stay and instead enter a tailored order preserving the individual defendants' immunity interests while allowing the litigation to proceed in an orderly and efficient manner.

## ARGUMENT

### I. The Motion remains premature as to the City of Salina defendants, who have filed no dispositive motion.

"The general policy in this district is not to stay discovery even though dispositive motions are pending." *Wolf v. United States*, 157 F.R.D. 494, 494 (D. Kan. 1994) (emphasis added). Where no motion is pending at all, that policy applies with even greater force.

3

The City of Salina Defendants represented in the Joint Motion that a motion for judgment on the pleadings was "forthcoming." No such motion has been filed. The City of Salina Defendants have already answered the Complaint (Doc. 21), admitting, among other things, the existence and content of the "Bunce the Clown" emails, that Captain Feldman executed the affidavit reciting that SPD had never possessed a bath-salts test kit, and that Defendant Londo's own May 22, 2025 memorandum stated SPD had used NARTEC test kits "since January 2015 to present" — directly contradicting the affidavit's premise. (Doc. 21, Answer ¶¶ 14, 18, 20).

The Court cannot evaluate, under the very factors Defendants invoke, whether "the case is likely to be finally concluded via the dispositive motion" or whether "the dispositive motion raises issues as to a defendant's immunity from suit" for a motion that does not exist. *Rezene v. USD 500 Kan. City*, No. 25-2305-HLT-GEB, 2025 U.S. Dist. LEXIS 221159, at *3 (D. Kan. Nov. 10, 2025). Defendants may file their motion and, at that time, separately request a stay tailored to its actual contents. Until then, there is nothing for the Court to weigh as to the City of Salina Defendants, and the Motion should be denied as premature with respect to them.

**II. Neither the City of Salina nor the County has moved on immunity grounds, and their motions do not justify staying discovery on Plaintiff's *Monell* claims**

Because municipalities cannot assert qualified or absolute immunity, neither James's nor the County's Motion justify staying discovery on Plaintiff's *Monell* claims. As cited *supra,* municipalities cannot assert qualified or absolute immunity. "[T]he qualified immunity that is available to the individual officers and officials is not available to the city." See generally *Monell,* 436 U.S. 658, *Leatherman*, 507 U.S. at 166; *Owen*, 445 U.S. at 638 ("[T]he municipality may not assert the good faith of its officers or agents as a defense to liability under §1983."). Kansas law is no different for purposes of the state law claims; the immunity discussed in Defendant James's own motion is personal to prosecutors, not to counties or cities as entities. See Def. James's Motion,

Doc. 24 at 12-13 (discussing *Knight v. Neodesha Police Dep't*, 5 Kan. App. 2d 472, 476 (1980), and *Smith v. Parman*, 101 Kan. 115, Syl. ¶ 2 (1917), both addressing immunity of individual prosecutors, not the governmental bodies that employ them).

Nowhere does the County's motion assert immunity from suit on its own behalf. Instead, the County argues for dimissal as a Rule 12(b)(6) matter, including in part the derivative argument that James's conduct, if immune, cannot be a "negligent or wrongful act" for which the County is vicariously liable under K.S.A. 75-6103(a). BOCC Motion, Doc. 26, pgs. 14-15. The fourth *Rezene* factor — "the dispositive motion raises issues as to a defendant's immunity from suit" — accordingly has no application to the County's motion, by the County's own account of it.

This matters because the general rule in this District is that a pending Rule 12(b)(6) motion, standing alone, does not warrant a stay of discovery. See *Wolf*, 157 F.R.D. at 494. The heightened treatment courts extend to motions asserting ***immunity*** — precisely because immunity is immunity from suit, not merely from liability — does not extend to ordinary pleading-sufficiency arguments of the kind the County raises. Obviously, the County's motion does not touch Plaintiff's separate *Monell* claim against the City of Salina (Count Four), which is premised on the conduct of Salina Police Department supervisory personnel — Feldman and Zeigler — and is unaffected by any question about whether Defendant James was a county or state actor. Whatever the outcome of the County's motion, discovery relevant to Count Four must proceed.

To the extent Defendants intend to argue that the claims are nonetheless too "closely related" to permit bifurcated discovery, that argument proves too much here as well. The discovery Plaintiff needs to substantiate Counts Four and Five alike — the complete "Bunce the Clown" email chain and its recipients, SPD's internal investigation file, training records concerning NARTEC test kits and probable cause affidavits, and the County Attorney's Office's own policies

regarding prosecutorial coordination with law enforcement (relevant both to the County's state-actor argument and, if that argument fails, to ratification) — must occur in this case regardless of the outcome of James's immunity motion or the County's Rule 12(b)(6) motion. That discovery is not rendered wasteful merely because it is also relevant to threshold legal questions the Court will resolve on the pleadings.

Accordingly, a complete stay of  discovery against the City and County does not serve any purpose that the immunity doctrine protects. Qualified immunity spares individual defendant officials "the burdens of broad-reaching discovery" directed at their *personal* liability. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). That concern has no application to governmental entities being sued in their own right for their own policies, customs, and training decisions as is the case here.

**III. Even as to Defendant James, a complete stay is not warranted on this record.**

Defendant James's motion argues that all of his alleged conduct — discussing prosecution strategy with SPD officers, providing a hearing transcript, and passing along his supervisor's request for a probable cause affidavit — was undertaken "in his function as an advocate" and is therefore protected by absolute immunity, or, failing that, qualified immunity. See Def. James's Motion, Doc. 24. pgs. 6-7. Absolute prosecutorial immunity is justified "only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." *Burns v. Reed*, 500 U.S. 478, 494, 111 S.Ct. 1934 (1991). "[The Court] will not extend absolute immunity when a prosecutor functions 'in the role of an administrator or investigative officer rather than that of advocate.'" *Mink v. Suthers*, 482 F.3d 1244, 1259 (10th Cir. 2007) (quoting *Imbler*, 424 U.S. at 430-31, 96 S.Ct. 984). See also *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1209 (10th Cir. 2022).

6

Even the authority cited by James in his Motion establishes that this determination is made by "identifying the alleged wrongful acts and then classifying each act according to its function," See *Chilcoat*, 41 F.4th at 1209 — a case-specific, act-by-act inquiry, not a categorical one.

As applied here, the Complaint alleges that James's communications with SPD officers concerned prosecution strategy explicitly framed around its likelihood of costing Plaintiff his job (Complaint, Doc. 1 ¶¶ 16, 94), that he solicited a probable cause affidavit from law enforcement personnel rather than performing that evaluative function himself[1] (*Ibid* at ¶¶ 17, 28-29), and that he did so notwithstanding a subordinate prosecutor's contrary recommendation (*Id.* ¶ 61) — allegations Plaintiff contends place at least some of this conduct on the investigative and administrative side of the line drawn in *Burns v. Reed*, 500 U.S. 478 (1991), and *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), rather than the advocacy side. Plaintiff will address the merits of that dispute in his response to James's motion; the point here is narrower: the question is genuinely contested and fact-bound, not resolvable as a matter of pure law divorced from the surrounding record.

For purposes of this stay analysis, this matters because it undercuts the assumption that discovery directed at James — or at the broader factual record his conduct is bound up in — is necessarily wasted effort. Even if the Court ultimately agrees with James that his conduct was advocative, the underlying facts (who reviewed Londo's May 2025 memorandum and when, what was communicated internally about its contents, and how the affidavit came to recite information the memorandum contradicted) remain squarely relevant to Plaintiff's claims against the remaining individual Defendants and to the Monell claims against the City and County. Plaintiff does not

---

[1] The email contained in the Plaintiff's Complaint, Doc. 1 ¶ 16, the 'Bunce the Clown' email implies that there were additional conversations between Defendant James, the individual defendants, and potentially other law enforcement officers or officials.

oppose holding depositions of Defendant James himself, and written discovery directed solely to his individual liability, in abeyance while his motion is pending. But that is a narrow accommodation, not a basis to suspend the Rule 26(f) conference, initial disclosures, or discovery as to every other party.

**IV. In the alternative to a full stay, the Court should enter a narrowly tailored case management order.**

The Complaint asserts claims against municipal defendants that will require institutional discovery independent of the claims asserted against the individual Defendants. Much of this discovery may be obtained without requiring the individual defendants to answer interrogatories, appear for depositions, or otherwise incur the burdens that qualified immunity seeks to avoid. Similarly, appropriate third-party discovery presents no meaningful burden upon the individual Defendants.  Defendants have not demonstrated why all such discovery should be halted.

Should the Court conclude that some accommodation of a stay is warranted, Plaintiff respectfully requests an order that:

(1) The Rule 26(f) conference proceed as scheduled and the parties submit a proposed scheduling order, with initial disclosures exchanged on the ordinary timeline;

(2) permits documentary discovery as to Plaintiff's *Monell* claims against Defendant City of Salina (Count Four) and Defendant Board of County Commissioners of Saline County (Count Five), including document discovery concerning municipal policy, custom, training, and ratification, and as to Defendants Feldman, Zeigler, and Londo, none of whom have filed any dispositive motion;

(3) permits appropriate third-party discovery;

(4) orders the preservation and production of all potentially relevant evidence — including electronic communications, personnel and internal-affairs files, and training records — during the pendency of any partial stay; and

(5) orders that depositions of, and written discovery directed solely to the individual-capacity liability of, Defendant James be held in abeyance pending resolution of his pending motion to dismiss on immunity grounds (Doc. 24).

This approach honors the purpose of immunity by sparing Defendant James discovery directed at his personal liability while his motion is pending, while ensuring that the claims against Defendants who have not moved to dismiss, and against entities that have not invoked — and cannot invoke — immunity at all, continue to move forward in the ordinary course. To the extent the Court is inclined to defer discovery specifically and narrowly directed at whether Defendant James's conduct is imputable to the County pending resolution of that threshold question in the County's motion, Plaintiff does not object to that limited accommodation — but it provides no basis to delay discovery concerning Count Four against the City of Salina, which does not depend on that question at all.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Joint Motion to Stay Discovery and Related Rule 26 Proceedings (Doc. 23), or, in the alternative, enter the narrowly tailored case management order proposed above.

Respectfully submitted,

HUTTON & HUTTON

*/s/ Matthew M. Dwyer, #22492*
Matthew M. Dwyer, #22492
Blake A. Shuart, #24463
8100 E. 22nd St. N., Bldg. 1200
Wichita, KS 67226
Phone: (316) 688-1166
Fax: (316) 686-1077
E-Mail:       Matthew.Dwyer@huttonlaw.com
              Blake.Shuart@huttonlaw.com
*Attorneys for Plaintiff*

10

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 29th day of July, 2026, the above and foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send electronic notice of filing to:

Daniel C. Sloan, #29193
Andrew D. Holder, #25456
FISHER, PATTERSON, SAYLER & SMITH, LLP
9393 W. 110th Street, Suite 300
Overland Park, KS 66606
P: (913)339-6757
F: (913)660-7919
Email: dsloan@fpsslaw.com
Email : aholder@fpsslaw.com
*Attorneys for Defendants City of Salina,*
*James Feldman, Andrew Zeigler and*
*Evan Londo*

Francis M. Schneider, #27896
WATKINS CALCAR, CHTD.
1321 Main Street, Ste 300
P.O. Drawer 1110
Great Bend, KS 67530
P: (620) 792-8231
F: (620)792-2775
Email: fschneider@wcrf.com
*Attorneys for Defendant Board of County*
*Commissioners of Saline County*

Jeremy E. Koehler, #28217
Michael J. Braun, #30700
FOULSTON SIEFKIN, LLP
1551 N. Waterfront Pkwy., Ste. 100
Wichita, KS 67206-4466
P: (316)291-9728
F: 316)267-6345
Email: jkoehler@foulston.com
Email: mbraun@foulston.com
*Attorneys for Defendant Richard James*

*/s/ Matthew M. Dwyer, #22492*
Matthew M. Dwyer, #22492

11