UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICAH L. BUNCE,

Plaintiff,

v.

JAMES FELDMAN, of the Salina Police
Department, in their individual capacity, et al.,

Defendants.

Case No. 26-1134-DDC-ADM

## ORDER

Plaintiff Micah L. Bunce ("Bunce") brings this civil rights action under 42 U.S.C. § 1983. The matter now comes before the court on Defendants' Joint Motion to Stay Discovery and Related Rule 26 Proceedings. (ECF 23.)  By way of the motion, all defendants ask the court to stay discovery pending a ruling on the motion to dismiss filed by defendant Richard James ("James"), which raises qualified and absolute immunity defenses, and the motion to dismiss filed by Saline County, Kansas, Board of County Commissioners ("the County").  (ECF 24, 25.)  For the reasons discussed below, Defendants' motion is granted.

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending.  *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).  A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.,* No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023).  Whether to grant a

stay of discovery is committed to the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, the court agrees with Defendants that a stay of discovery is warranted. First, the court gives significant weight to the fact that James has raised absolute and qualified immunity defenses in his motion to dismiss. A defendant who asserts this defense is generally entitled to have questions of immunity resolved before being required to engage in discovery. *See Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *Siegert*, 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time-consuming preparation to defend the suit on its merits"). The undersigned judge makes no prediction on whether the presiding district judge will find James immune from suit, but the law is clear that James is shielded from discovery until the court makes that threshold determination.

Although discovery could go forward against the other defendants named in this suit, the bifurcated discovery process proposed by Bunce can be messy and inefficient. Weighing that practical reality in conjunction with the remaining stay factors, the court concludes that a stay of all discovery will best facilitate the just, speedy, and inexpensive determination of this action. *See* FED. R. CIV. P. 1. Specifically, James's motion to dismiss asserts not only absolute and qualified

immunity, but also contends that Bunce's complaint fails to adequately state a claim upon which relief can be granted because his alleged actions fall into exceptions to the Kansas Tort Claims Act. (ECF 24.) In addition, the County's motion contends that Bunce fails to state a claim for *Monell* liability against the County because James was "an actor or advocate of the state," not the County, so the County is not liable for actions James took performing his investigatory and prosecutorial functions. (ECF 25, 26.) Based on the contours of the motions to dismiss, there is at least some likelihood that the district judge's ruling on the motions to dismiss will narrow the parties and claims, or at least clarify the proper contours of discovery in this case, particularly insofar as discovery from the County and the City of Salina appears likely to be intertwined with James's actions. Given these considerations, the court agrees with defendants that discovery on all issues and as to all defendants at this point could prove wasteful and burdensome.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Stay Discovery and Related Rule 26 Proceedings. (ECF 23) is granted. Discovery is stayed pending a ruling on Defendants' motions to dismiss (ECF 24, 25). Within 10 days of the district court's ruling on the last motion to dismiss, Bunce is directed to notify the undersigned judge (via email to her chambers) and the court will issue a new Initial Order Regarding Planning and Scheduling.

**IT IS SO ORDERED.**

Dated August 10, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

3