**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MICAH L. BUNCE,<br><br>*Plaintiff,*<br><br>v.<br><br>JAMES FELDMAN, EVAN LONDO, and ANDREW ZEIGLER, of the Salina Police Department, RICHARD JAMES, former Deputy County Attorney of Saline County, in their individual capacities; CITY OF SALINA, KANSAS; and the BOARD OF COUNTY COMMISSIONERS OF SALINE COUNTY,<br><br>*Defendants.* | ) | Case No. 26-cv-01134-DDC-ADM |

**DEFENDANT RICHARD JAMES RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE "EXHIBIT A" TO DEFENDANT JAMES' REPLY, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

Throughout Defendant James' Motion to Dismiss (ECF No. 24), Plaintiff's Response in Opposition (ECF No. 34), and Defendant James' Reply in Support (ECF No. 38), the parties argued extensively about whether absolute or qualified immunity applies to Defendant James such that dismissing him from this lawsuit is warranted.

Plaintiff, through a misapplication of the law and a misunderstanding of the parties' arguments, seeks another opportunity to litigate these issues by filing ECF No. 39, Plaintiff's Motion to Strike "Exhibit A" to Defendant James' Reply, or in the Alternative, for Leave to File a Surreply (the "Motion"). For reasons described below, both requests in the Motion should be denied.

## ARGUMENT

### I. Defendant James' use of Exhibit A and arguments based on Exhibit A in his Reply in Support were permissible under the law.

#### a. Parties may permissibly use outside documents at the motion to dismiss stage when the documents were attached or incorporated by reference in the Complaint.

Ordinarily, if matters outside the pleadings are presented to the court on a Rule 12(b)(6) motion, the motion must be converted to a motion for summary judgment or the materials must be disregarded by the court, but "documents attached to the complaint as exhibits are considered part of the complaint and may therefore be considered in connection with a motion to dismiss under Rule 12(b)." *Interior Contrs., Inc. v. Bd. of Trs. of Newman Memorial County Hosp.*, 185 F. Supp. 2d 1216, 1219 (D. Kan. 2002). Further, if a "document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). *GFF Corp.* explained the rationale for this rule:

> If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied. Moreover, conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind. When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates.

*Id.*

Here, as acknowledged in Plaintiff's Motion, the Complaint quoted "approximately 35 lines or one-and-a-half pages" of the preliminary hearing transcript and acknowledged that Plaintiff was bound over for trial at his preliminary hearing. (ECF No. 39, at 2; ECF No. 1, Complaint, ¶¶ 7, 21, 22, 26, 33, 34, 38). In his Response, Plaintiff made in-depth arguments that the court's bind over ruling did not establish whether probable cause existed on Plaintiff's

perjury charge, referenced preliminary hearing testimony by the president of NARTEC, and argued that Defendant James' conduct violated his constitutional rights because no "prosecutor genuinely exercising the 'evaluation of evidence' and probable cause 'determination' that define the advocates role … could reasonably have concluded that the testimony about test kit availability for bath salts at the SPD between 2015 and 2018, was material to whether Ms. Dempsey possessed methamphetamine in 2024." (ECF No. 34, at 10-12). Plaintiffs concluded his Response by arguing that "the absence of probable cause for the underlying perjury charge is established independently — and as a matter of law — because Plaintiff's testimony … was immaterial" to the Dempsey probable cause hearing. (ECF No. 34, at 16).

For transparency purposes and in challenging the arguments raised in Plaintiff's Response, Defendant James attached the entire preliminary hearing transcript to his Reply while referencing four pages of the transcript, where Judge Sundby found that Plaintiff testified falsely and materially, and therefore, probable cause existed to bound over Plaintiff for trial. (ECF No. 38, at 3). Plaintiff exaggerates the amount of material referenced and used in Defendant James' Reply, and the incorporation by reference doctrine does not hinge on the amount of material, as "a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp.*, 130 F.3d at 1384.

Plaintiff has not, and cannot, challenge the transcript's authenticity. Plaintiff referenced and quoted the preliminary hearing transcript throughout his Complaint and Response, and he cannot legitimately argue that the inclusion of the material in Defendant James' Reply ambushed him or otherwise prevented him from responding to the arguments based on the transcript. *Id.* at 1385 (holding that the district court correctly considered a letter as it was "not 'outside the pleading' for purposes of the 12(b)(6) motion," as the plaintiff frequently referred to and quoted

the letter in its amended complaint and referred to the letter throughout its briefing). Therefore, the preliminary hearing transcript attached as Exhibit A to Defendant's Reply is properly before the Court and may be considered by the Court in ruling on Defendant James' Motion to Dismiss.

**b. Defendant James' Reply in Support did not raise any new arguments that were not already discussed in previous filings before the Court.**

Plaintiff misconstrues the arguments asserted throughout the parties' briefings. Plaintiff alleges that new arguments asserted for the first time in Defendant James' Reply prevented him from fully responding, and he points to two specific arguments in his Motion.

The first is the argument on whether probable cause existed to charge Plaintiff with perjury and ultimately continue with Plaintiff's prosecution. In his Motion to Dismiss, Defendant James argued that he did not commit a malicious prosecution, because by the time Plaintiff was charged, Defendant James was retired. (ECF No. 24, at 9). In Plaintiff's Response, he argued that "direct, personal execution of the final act in a chain of causation is not required for §1983 liability," and Defendant James set in motion the series of events which caused Plaintiff's constitutional violation. (ECF No. 34, at 13). In challenging Plaintiff's arguments, Defendant James cited *Horocofsky* and *Taylor*, which held that the chain of causation in a malicious prosecution is broken if a court finds at there is probable cause to bind over a criminal defendant at a preliminary hearing. (ECF No. 38, at 3).

Additionally, Defendant James Motion to Dismiss argued that probable cause existed to charge Plaintiff with perjury, and at his preliminary hearing, "the court found there was sufficient probable cause to bind Plaintiff over for trial." (ECF No. 24 at 9-10). Plaintiff's Response acknowledged that "Defendant James' motion argues that probable cause existed because a state court later bound Plaintiff over for trial, and that this defeats the malicious prosecution and retaliation counts as a matter of law." (ECF No. 34, at 10). Plaintiff's Response made extensive

arguments that Defendant James' probable cause determination, and the court's determination of probable cause at the preliminary hearing, were insignificant to the legal question of whether Defendant James was entitled to absolute or qualified immunity, ultimately claiming that materiality "is a question of law for the court, not a factual question left to a jury — let alone to the subjective judgment of the officers and prosecutor assembling a probable cause affidavit." (ECF No. 34, at 10-12). Even in Plaintiff's Motion, he acknowledges that he "did not omit [Judge Sundby's] ruling; Plaintiff pleaded it and explained, through controlling authority, why it does not establish that probable cause in fact existed." (ECF No. 39, at 5).

In responding to the arguments raised in Plaintiff's Response, Defendant James referenced *Horocofsky*, *Taylor*, and Judge Sundby's ruling, all of which are within the proper scope of a reply in support of a motion to dismiss. *See Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797-98 (W.D. Tenn. 2012) ("The Court finds that this argument is not a new argument but rather a counterpoint in response to Plaintiff's theory of competitive standing. This is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief."); *Capitol Sprinkler Inspection, Inc. v. Guest Servs.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (affirming denial of motion to strike a reply because the "reply brief and an attached affidavit did no more than bolster Guest's opening arguments."). The issues of whether Defendant James caused the deprivation of Plaintiff's constitutional rights, whether probable cause existed, and whether these circumstances warrant dismissal for Defendant James were briefed extensively by the parties throughout the motion to dismiss stage, and the arguments were not first asserted in Defendant James' Reply as alleged by Plaintiff.

The second argument in Plaintiff's Motion is that Defendant James mischaracterized the record and introduced new evidence in his Reply. Plaintiff points to Defendant James' assertion, based on a plain reading of the email attached to the Complaint (ECF No. 1, ¶ 16), that he "asked the officers to send an affidavit to his supervisor, at his supervisor's request." (ECF No. 39, at 4). This alleged mischaracterization was not asserted for the first time in his Reply, and in fact, the legal significance of it was discussed at length in Defendant James' Motion to Dismiss. (ECF No. 24, at 1, 7, 9, 11, 13, 14). Plaintiff's Response even acknowledged Defendant James' distinction, arguing that "Defendant James' clearly-established-law argument treats each of his acts in isolation — sending a transcript, discussing charges and *passing along a request for an affidavit* — as though each were constitutionally unremarkable standing alone." (ECF No. 34, at 14) (emphasis added).

The interpretation of the email and the legal significance of Judge Sundby's probable cause determination have been extensively briefed by both parties. These were not new issues, new arguments, or newly asserted evidence in Defendant James' Reply. Plaintiff had a full opportunity to respond to these arguments, and in fact did so in his Response, and therefore, Plaintiff's motion to strike Exhibit A and the arguments relying on it from Defendant James' Reply should be denied.

## II. Plaintiff's alternative request for relief which seeks leave to file a surreply should be denied, as explained *supra*, no new evidence or arguments were raised for the first time in Defendant James' Reply in Support

As explained *supra*, Defendant James' Reply introduced no new evidence or arguments. Surreplies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter." *Liberty Legal*, 875 F. 2d at 797 (quoting *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)). Court generally allow a surreply "only in

extraordinary circumstances after showing of good cause." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999). Extraordinary circumstances do not exist in this case.

The existence of probable cause, the preliminary hearing testimony, the elements of perjury, and the legal significance of these issues were included in the Complaint and were briefed extensively by the parties at this motion to dismiss stage. Plaintiff's Response argued that Plaintiff's prosecution was not supported by probable cause, as "materiality is an essential element of perjury under Kansas law that the court — not the affiant and not Defendant James — decides as a matter of law." (ECF No. 34, at 10). Plaintiff concluded his Response by claiming that Defendant James set in motion the deprivation of Plaintiff's constitutional rights, and "the absence of probable cause for the underlying perjury charge is established independently — and as a matter of law." (ECF No. 34, at 16).

In responding to these arguments, Defendant James permissibly included the entire preliminary hearing transcript while referencing approximately four (4) pages of Judge Sundby's ruling, arguing that the transcript, which became part of the pleadings due to multiple references to it in the Complaint, refuted the arguments asserted in Plaintiff's Response. Plaintiff was "obviously on notice of the [transcript's] contents," and the rationale for providing Plaintiff leave to file a surreply does not exist in these circumstances. *GFF Corp.*, 130 F.3d at 1384; *Liberty Legal*, 875 F. Supp. 2d at 798. Plaintiff cannot legitimately argue that Defendant James' Reply included improper arguments and materials or otherwise prevented Plaintiff from fully responding at this motion to dismiss stage. Therefore, Plaintiff's motion for leave to file a surreply should be denied.

## CONCLUSION

Plaintiff's motion to strike Exhibit A to Defendant James' Reply, and the arguments relying on Exhibit A, should be denied. Further, Plaintiff's requested alternative relief for leave to file a surreply should be denied for similar reasons. If the Court finds that Exhibit A and the arguments relying on it were improperly included in Defendant James' Reply, Defendant James consents to allowing Plaintiff to file his proposed surreply. Further, Defendant James requests that the Court dismiss, with prejudice, the claims alleged against him in Plaintiff's Complaint.

Respectfully submitted,

FOULSTON SIEFKIN LLP

*s/ Michael J. Braun*
Jeremy E. Koehler, #28217
Michael J. Braun, #30700
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
T: 316.267.6371 | F: 316.267.6345
jkoehler@foulston.com
mbraun@foulston.com
*Attorneys for Defendant Richard James*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notice of the electronic filing to all counsel of record.

*s/ Michael J. Braun*
Michael J. Braun, #30700